FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 19 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BALLEJOS,

    Petitioner,

v.                                           Civ. No. 04-901 RB/RLP

JOE ROMERO, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought under 28 U.S.C. § 2241, contesting the removal and denial of good time credits. On February 25, 1982, Mr. Ballejos pled guilty to first degree murder, armed robbery and other offenses for which he received a sentence of life imprisonment plus other terms to be served concurrently. See Answer [Doc. 11], Exhibit A thereto.

2.    On August 9, 2004 Mr. Ballejos filed a petition for writ of habeas corpus in this court, which was treated as a successive petition under 28 U.S.C. § 2254. The case was sent to the Tenth Circuit Court of Appeals, which remanded with instructions to file as a § 2241 petition contesting the removal of good time credits.

3.    Mr. Ballejos requested leave to file an amended petition [Doc. 13]. Leave was granted [Doc. 16] and Mr. Ballejos filed the amended petition on March 1, 2005 [Doc.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.



17]. Respondents were given until March 24 to file their response, but have elected not to file a response to the amended petition.

4.  Mr. Ballejos argues that his due process and equal protection rights have been violated by the failure of prison authorities to apply and accrue his good time credits since his 1982 incarceration, which he believes would entitle him to immediate parole or release. In support of his arguments he cites to NMSA (1978) § 33-2-34 and § 33-8-14.

5.  As stated in *Compton v. Lytle*, 81 P.3d 39 (N.M. 2003), prior to 1986 prisoners serving life sentences were allowed to accrue good time credits which would move their parole eligibility date forward. In 1986 the Attorney General issued an opinion stating that prisoners serving life sentences were not entitled to good time credits. *Id.* at 40-41. The Department of Corrections stopped awarding the credits in 1988; the statutes cited by Mr. Ballejos were repealed in 1999. *Id.* In *Compton*, the New Mexico Supreme Court, addressing this issue for the first time, held that "an inmate serving a life sentence is not eligible for a parole hearing until he or she has actually served thirty years of that sentence in prison." *Id.* at 41.

6.  Mr. Ballejos argues that his due process rights are violated because of the Department of Corrections failure to apply his good time credits for immediate release. That argument has already been rejected in this circuit. *Stephens v. Thomas*, 19 F.3d 498 (10th Cir.), *cert. denied*, 513 U.S. 1002 (1994); *Johnson v. New Mexico Corrections Department*, 129 F.3d 130, 1997 WL 687721 (10th Cir. 1997) (unpublished opinion).

## RECOMMENDED DISPOSITION

I recommend that the § 2241 petition be denied and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge